1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

┌─────────────────────────────────────────┐
│ MICHAEL C. FUOROLI and TIFFANY            │  2:10-CV-2191 JCM (GWF)
│ S. FUOROLI,                               │
│                                           │
│              Plaintiffs,                  │
│                                           │
│ v.                                        │
│                                           │
│ WESTGATE PLANET HOLLYWOOD                 │
│ LAS VEGAS, LLC, et al.,                   │
│                                           │
│              Defendants.                  │
└─────────────────────────────────────────┘

**ORDER**

Presently before the court is defendants Central Florida Investments, Inc.'s, Denise Chen's, Chasun Irwin's, and Westgate Planet Hollywood Las Vegas, LLC's motion to dismiss complaint (doc. #11). The plaintiffs Michael C. Fuoroli and Tiffany S. Fuoroli have responded (doc. #23), and the defendants have replied (doc. #26).

Also before the court is defendants Central Florida Investments, Inc.'s, Denise Chen's, Chasun Irwin's, and Westgate Planet Hollywood Las Vegas, LLC's motion to strike jury trial. (Doc. #12). The plaintiffs Michael C. Fuoroli and Tiffany S. Fuoroli have responded (doc. #23), and the defendants have replied (doc. #27).

The instant dispute arises from a contract between the plaintiffs and defendant Westgate Planet Hollywood Las Vegas, LLC, which developed a timeshare offering at the Planet Hollywood Towers. Plaintiffs allege that defendants made various misrepresentations in the timeshare sales negotiations: Westgate sales staff told them that the property would be a pet friendly environment

**James C. Mahan**
**U.S. District Judge**

1   (doc. #1 at ¶ 21), when in fact it is not (*id.* at ¶ 22); daily maid service was included (*id.* at ¶ 19),

2   where than the purchase included only weekly cleaning (*id.* at ¶ 20); the timeshare would book a

3   fixed unit during New Year's Eve each year  (*id.* at ¶ 23), when in reality the plaintiffs were

4   purchasing neither a fixed unit nor the right to reserve any unit on New Year's Eve (*id.* at ¶ 25).

5   Plaintiffs also contend that the defendants made false and misleading statements with regard to: the

6   cancellation period for timeshares under Nevada law (*id.* at ¶ 35), the financing package used to

7   purchase the timeshare (*id.* at ¶¶ 36–44), and the completion date of the hotel (*id.* at ¶ 47). Plaintiffs

8   have also detailed conversations between themselves and the defendants, during which plaintiffs

9   attempted to use their timeshare. (*Id.* at ¶ 48–84).

10      From these facts, plaintiffs have alleged seven claims for relief. Defendants have responded

11   with the instant motions to dismiss (doc. #11) and to strike jury demand (doc. #12).

12   Ultimately, plaintiffs contend that "the contract drafted and presented by Defendants was materially

13   different than the terms upon which Plaintiffs and Defendants had agreed during the sales

14   presentation, [and] there was no meeting of the minds as to the terms of the purchase contract signed

15   by Plaintiff[s] and Defendants and, therefore, no contract was formed. . . ." (*Id.* at ¶ 26).

16      This request for rescission poses a choice of law conflict. Depending on the merits of

17   plaintiffs' claims, the court will ultimately either apply Florida law pursuant to the choice of law

18   provision in the agreement between the parties, or, if the plaintiffs prevail and the contract is deemed

19   invalid, the court will apply Nevada law under *Erie Railroad v. Tompkins*. 304 U.S. 64, 78 (1938)

20   ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be

21   applied in any case is the law of the state."). The conflict need not be resolved at this juncture,

22   however. Whereas the instant motion contests the sufficiency of the pleadings, rather than the merits

23   of the underlying claims for relief, the court conducts an analysis of the motion under both Florida

24   and Nevada law, preserving the claim where it could be viable under either.

25   **I.      MOTION TO DISMISS**

26      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

27   as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

28

James C. Mahan
U.S. District Judge

- 2 -

1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

### (A)    Breach of Contract (Claim 1)

Plaintiffs allege that they have performed as required under the contract, while defendants have breached the agreement by failing to grant plaintiffs access to their bargained-for timeshare unit during New Year's Eve 2009 and 2010. (Doc. #1, ¶ 89–90). In response, the defendants urge the court to dismiss the complaint because: (1) there is no contractual privity between the plaintiffs and defendants CFI, Irwin and Chen; (2) the first alleged breach during New Year's Eve 2009 was due to a delayed opening, which was provided for in the contract; and (3) because the lawsuit was filed before the second alleged breach during New Year's Eve 2010 occurred, "Plaintiffs cannot have made a good faith assertion that they would not have occupied the Unit for New year's Eve 2010, as they never tried" (doc. #11 at 14:3–4).

To adequately plead a claim for breach of contract under Florida law, a plaintiff must allege: (1) a valid contract; (2) a material breach; and (3) damages. *Schiffman v. Schiffman*, 47 So. 3d 925, 927 (Fla. Dist. Ct. App. 2010) (quoting *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000)). The elements are essentially the same under Nevada law. *See Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000) (listing the elements of a breach of contract claim in Nevada).

Applying either law, the court finds that the breach of contract claim should be dismissed insofar as it implicates defendants Central Florida Investments, Inc. ("CFI"), Chasun Irwin, and Denise Chen. The plaintiffs cannot establish the first element of the claim as to these three parties; that being the existence of a valid contract. However, the court finds that plaintiffs have alleged a valid breach of contract claim against defendant Westgate, with whom the plaintiffs have established contractual privity  under either Florida or Nevada law. The court declines to address defendants'

**James C. Mahan**
**U.S. District Judge**

1   other arguments, which go to the merits of the breach of contract claim, rather than to whether it has

2   been properly plead. Accordingly, the motion to dismiss is granted as to defendants CFI, Irwin and

3   Chen, but denied as to defendant Westgate.

4   **(B)     Breach of the Covenant of Good Faith and Fair Dealing (Claim 7)**

5   In Florida, "every contract contains an implied covenant of good faith and fair dealing,

6   requiring that the parties follow standards of good faith and fair dealing designed to protect the

7   parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*,

8   420 F.3d 1146, 1151 (11th Cir. 2005). This claim is not an independent cause of action, but rather

9   attaches to the performance of a specific contract obligation. *Id.* To state a claim of breach of the

10  covenant of good faith and fair dealing, the plaintiff must allege: (1) the plaintiff and defendant were

11  parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant

12  breached that duty by performing in a manner unfaithful to the purpose of the contract; and (4) the

13  plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

14  Whereas the court has found that plaintiffs' breach of contract claim against defendants CFI,

15  Irwin and Chen has been dismissed, plaintiff cannot sustain a dependent breach of the covenant of

16  good faith and fair dealing claim against those defendants under either Florida or Nevada law.

17  However, the court finds that based on the facts alleged in the complaint, the claim should stand as

18  to defendant Westgate. Accordingly, the motion to dismiss is granted as to defendants CFI, Irwin and

19  Chen, but denied as to defendant Westgate.

20  **(C)     Defendants' Argument Regarding The Economic Loss Rule**

21  Both Florida and Nevada recognize the economic loss rule, or economic loss doctrine. The

22  economic loss rule in Florida applies, in part, to situations "where the parties are in contractual

23  privity and one party seeks to recover damages in tort for matters arising out of contract. . . ." *Curd

24  v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1223 (Fla. 2010). However, "the economic loss rule

25  would not prevent the bringing of an action and recovery for intentional torts. . . ." *Id.* at n. 4.

26  In Nevada, the economic loss doctrine bars negligent tort actions where the plaintiff seeks

27  to recover only economic loss. *Terracon Consultants W., Inc. v. Mandalay Resort Group*, 206 P.3d

28

James C. Mahan
U.S. District Judge

81, 86 (Nev. 2009). Nevada courts have articulated some exceptions to the rule, which apply "in broad categories of cases in which the policy concerns about administrative costs and a disproportionate balance between liability and fault are insignificant, or other countervailing considerations weigh in favor of liability." *Id.* at 88.

### (I)     Fraud in the Inducement (Claim 2)

Plaintiff alleges that "Defendants, whether acting individually, collectively, or in concert with one another, induced Plaintiff by trick and deceit to enter into an agreement for the purchase of a timeshare at Westgate by fraudulently promising Plaintiffs would have the use in Las Vegas, Nevada of a four bedroom timeshare unit(s) for each and every New Year's Eve of Plaintiff[s'] choosing." (Doc. #1 at ¶ 94). Plaintiffs further allege that defendants knew the promises were false (*id.* at ¶ 95), that the representations were material to plaintiffs' decision to purchase the timeshare (*id.* at ¶ 96), and that plaintiffs justifiably relied on the representation to their detriment (*id.* at ¶ 97). Defendants retort that the claim should be dismissed, citing failure to plead with the requisite particularity under Rule 9(b) and the economic loss rule. Defendants also argue that the purchase agreement refutes the alleged misrepresentations.

"To state a claim for fraud in the inducement, a plaintiff must allege the following: (1) a misrepresentation of a material fact; (2) that the representor knew or should have known of the statement's falsity; (3) that the representor intended that the representation would induce another to rely on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation." *Output, Inc. v. Danka Bus. Sys., Inc.*, 991 So. 2d 941, 944 (Fla. Dist. Ct. App. 2008). The elements are essentially the same under Nevada law. *See J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004) (listing the elements of the tort).

The court finds dismissal of this claim unwarranted. First, the court finds that the complaint meets the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." As the summation above notes, the plaintiff has complied with this rule by providing specific facts to

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  support the claim.[1]

2      Second, the court finds that the economic loss rule does not apply to this tort under Florida

3  law, which is the law defendants seek to apply. *See Noack v. Blue Cross and Blue Shield of Fla.,*

4  *Inc.*, 742 So. 2d 433, 434 (Fla Dist. Ct. App. 1999) ("[F]raud in the inducement to make a contract

5  is not barred by the economic loss rule."). The court finds that plaintiff has alleged facts to support

6  the claim that are independent from the breach of contract claim. *See Taylor v. Maness*, 941 So. 2d

7  559, 564 (Fla. Dist. Ct. App. 2006) ("[F]raud in the inducement claim is not barred by the economic

8  loss rule so long as the claim is based on conduct that is separate and distinct from the conduct

9  constituting the breach of contract.").[2] Neither would the claim be dismissed under Nevada's

10 economic loss rule, which attaches to "unintentional tort actions." *Terracon Consultants*, 206 P.3d

11 at 86*)*.

12     Finally, the court declines to dismiss this claim based on the contents of the purchase

13 agreement, as this goes to the merits of the claim rather than whether plaintiff has met the pleading

14 standard under Rule 12(b)(6). Accordingly, the motion to dismiss is denied as to this claim.

15                    **(ii)    Fraud (Claim 3)**

16     Plaintiffs allege that defendants made false representations of material facts to plaintiffs that

17 plaintiffs were purchasing a four bedroom timeshare unit which would allow "Plaintiffs, beginning

18 in 2009, to perpetually reserve and occupy that four bedroom unit during the seven day period that

19 would include the right to occupy the four bedroom unit for New year's Eve, irrespective of when

20 that event occurred." (Doc. #1 at ¶ 100). Plaintiffs allege that these representations were untrue (*id.*

21 at ¶ 102), that defendants knew they were untrue but would induce plaintiffs to enter the contract

22 (*id.*), and that plaintiffs justifiably relied on the representations (*id.* at ¶ 104).        Defendants retort

23

24     [1] Although the court notes that plaintiff has not always distinguished between the parties,
25 plaintiff is accorded some leniency under *Rocker v. KPMG, LLP*, 940 F.2d 397, 405 (9th Cir. 1991),
   as some of this information is within the defendants' possession and requires discovery.
26
27     [2] The court also declines to conclude, at defendants' request, that the claim should be re-
   characterized as "fraud in the performance." As the alleged misrepresentations go to plaintiff's
28 having entered the contract, it is more properly characterized as "fraud in the inducement."

James C. Mahan
U.S. District Judge                                                      - 6 -

1  that the claim should be dismissed for failure to plead the with the requisite particularity under Rule

2  9(b) and based on the economic loss rule. Defendants also argue that the purchase agreement refutes

3  the alleged misrepresentations.

4      To state a claim for fraudulent misrepresentation, a plaintiff must allege: "(1) a false

5  statement concerning a material fact; (2) the representor's knowledge that the representation is false;

6  (3) an intention that the representation induce another to act on it; and (4) consequent injury by the

7  party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)

8  (quoting *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)). The elements are essentially the same

9  under Nevada law. *See Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (listing the

10  elements of the tort).

11     The court finds dismissal of this claim unwarranted. First, the court finds that the complaint

12  meets the heightened pleading standard of Federal Rule of Civil Procedure 9(b), as the plaintiff has

13  provided specific facts to support the allegations. The court again declines to interpret the language

14  of the purchase agreement, as that analysis goes to the merits of the claim, rather than to whether

15  plaintiff has met the pleading standard under Rule 12(b)(6).

16     Finally, the court declines to dismiss the fraud claim based on the economic loss doctrine.

17  Although the economic loss rule does apply to bar some claims of fraudulent misrepresentation

18  under Florida law, *wee Concept Stores Miami, Inc. v. Bakery Assoc., Ltd.*, 990 So. 2d 1118, 1119

19  (Fla. Dist. Ct. App. 2008) (citing *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 ("[W]here the

20  alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the

21  economic loss rule applies and the parties are limited to pursuing their rights in contract."), the court

22  cannot conclude that the economic loss rule would apply to bar this claim under Nevada law. In

23  *Terracon*, the Nevada Supreme Court interpreted the scope of Nevada's economic loss rule,

24  concluding that it applies to bar only some "unintentional torts." 206 P.3d at 86. However, the court

25  later noted that negligent misrepresentation, although an unintentional tort, poses a special financial

26  harm and constitutes an exception to the economic loss doctrine. *Id.* at 88. Logic thus dictates that

27  a claim for fraudulent misrepresentation, an intentional tort, would also constitute an exception to

28

**James C. Mahan**
**U.S. District Judge**

1   the rule. Accordingly, and the motion to dismiss is denied as to this claim.

2                    **(iii)    Unjust Enrichment (Claim 4)**

3           Plaintiffs allege that defendants have been unjustly enriched at plaintiffs' expense by

4   retaining the money plaintiffs paid as consideration for the disputed timeshare. (Doc. #1 at ¶ 109).

5   Accordingly, plaintiff alleges that defendant Westgate holds the payments in constructive trust, and

6   the trust property must be immediately returned to plaintiffs with prejudgment interest. (*Id.* at ¶ 111).

7           Under both Florida and Nevada law, unjust enrichment is a quasi-contract theory that allows

8   the court to exercise equitable principles in preventing the unjust retention of money or property of

9   another. *Asphalt Prod. Corp. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995); *14th &*

10  *Heinberg, LLC v. Terhaar and Cronley Gen. Contractors*, 43 So. 3d 877, 880 (Fla. Dist. Ct. App.

11  2010). Thus, in Florida, "where a true contract exists, the parties' rights are fixed by law and by the

12  terms of the contract." *Terhaar*, 43 So. 3d at 881. Similarly, in Nevada, "an action for unjust

13  enrichment is not available when there is an express, written contract, because no agreement can be

14  implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942

15  P.2d 182, 187 (Nev. 1997).

16          Accordingly, under both Florida and Nevada law, the viability of this claim will depend on

17  whether the court determines that the contract is valid, and the motion to dismiss is denied as to this

18  claim.

19                   **(iv)    Negligent Hiring, Training and Supervision (Claim 5)**

20          Plaintiffs allege that the defendants owed them a duty of care in selling the New Year's Eve

21  event to plaintiffs and in hiring, training and supervising its employees. (Doc. #1 at ¶ 115–16).

22  Plaintiffs allege that defendants should have known of the employee's negligence (*id.* at ¶ 117), and

23  the employee's negligence resulted in harm to the plaintiffs (*id.* at ¶ 120). Defendants retort that

24  plaintiffs never explain how defendants breached the alleged duty and that the claim is barred by the

25  economic loss rule.

26          To allege a claim against an employer for negligent hiring, training or supervision, the

27  plaintiff must show that (1) the employer had a duty to protect the plaintiff from harm resulting from

28

**James C. Mahan**
**U.S. District Judge**                                    - 8 -

1   its employment of the tortfeasor; (2) the employer breached that duty; and (3) the employer's breach

2   was a proximate cause of the plaintiff's harm. 25 CAUSES OF ACTION 2D 99 § 3 (2010).

3         First, the court finds that the claim has been sufficiently plead as to the element of breach.

4   Plaintiff alleges that defendants' agents made the alleged misrepresentations cited throughout the

5   complaint, and that those misrepresentations were the result of either negligent hiring, supervising

6   or training on the part of the defendants. Second, the court finds that the economic loss rule does not

7   bar this claim under Florida law, which is the law defendants seek to apply. *See Am. Exp. Travel*

8   *Related Serv., Inc. v. Symbiont Software Group, Inc.*, 837 So. 2d 434, 435 (Fla. Dist. Ct. App. 2002)

9   (declining to apply the economic loss rule to such claims where they are independent of any

10   contracts). Accordingly, the motion to dismiss is denied as to this claim.

11                              **(iv)    Claim 8: Rescission**

12         Rescission is a remedy and not an independent claim for relief. *See Awada v. Shuffle Master,*

13   *Inc.*, 173 P.3d 707, 713 (Nev. 2007) ("Rescission is an equitable remedy. . . "); *Antar v. Seamiles,*

14   *LLC*, 994 So. 2d 439, 444 (Fla. Dist. Ct. App. 2008) (recognizing that rescission is a possible remedy

15   for breach of contract). Accordingly, the court denies the motion to dismiss as it relates to plaintiffs'

16   entitlement to this remedy at this stage in the proceedings.

17         **(D)    Deceptive Trade Practices under Nevada Law - NRS 598.0915 (Claim 6)**

18         Plaintiffs allege that defendants "knowingly made false statements to Plaintiffs during the

19   sale presentation which resulted in Plaintiffs executing an agreement for the purchase of a timeshare

20   unit." (Doc. #1 at ¶ 124). According to plaintiffs, these false statements constituted deceptive trade

21   practices under Nevada law pursuant to NRS 598.0915.

22         NRS 598.0915 defines "deceptive trade practice" as sixteen potential acts. Among these

23   sixteen, only one could potentially apply to the facts of this case; that being number fifteen,

24   "[k]nowingly makes any other false representation in a transaction." NRS 598.0915(15). Each of the

25   other sections either apply to goods and services, retail installment transactions, or affiliation, and

26   are thus inapplicable to the sale of timeshares.

27         This claim will necessarily be dismissed if the court finds the contract valid and the choice

28

James C. Mahan
U.S. District Judge

of law provision stands. However, if the court ultimately finds the contract invalid and applies Nevada law, the claim may be viable. The motion to dismiss is thus also denied as to this claim.

**(E)      Civil Conspiracy (Claim 9)**

Plaintiffs allege that "[d]efendants and each of them conspired with one another to defraud Plaintiffs by working in concert with one another to induce Plaintiffs to enter into a contract for the purchase of a four bedroom timeshare unit at Westgate's Las Vegas property." (Doc. #1 at ¶ 142).

To allege a conspiracy to defraud in federal court, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). The claim should also be accompanied by the who, what, when, where and how of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Although the court has found that the plaintiffs have plead the claims of fraud with sufficient particularity, plaintiffs have failed to adequately allege a conspiracy based on the alleged fraud. The complaint does not meet the heightened pleading standard of Rule 9(b), and the motion to dismiss is granted as to this claim.

**II.      MOTION TO STRIKE JURY TRIAL**

Defendants urge the court to strike the plaintiffs' jury demand because the purchase agreement contains a jury trial waiver. Although this may be true, the plaintiff has contested the validity of the entire agreement, and requested rescission. Accordingly, the court declines to strike the jury demand, absent further briefing and discovery on this issue from the parties.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #11) is GRANTED in part and DENIED in part pursuant to the analysis set forth in the body of this order;

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

1    IT IS FURTHER ORDERED that the defendants' motion to strike jury trial (doc. #12) is

2    hereby DENIED without prejudice.

3    DATED May 16, 2011.

4

5    _____

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**