UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. FUOROLI and TIFFANY S. FUOROLI,<br><br>    Plaintiffs,<br><br>v.<br><br>WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al.,<br><br>    Defendants. | 2:10-CV-2191 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff Michael C. Fuoroli and Tiffany S. Fuoroli's motion for partial summary judgment. (Doc. #44). Defendants Westgate Planet Hollywood Las Vegas, LLC and Central Florida Investments, Inc. have filed an opposition (doc. #50),[1] to which the Fuorolis have replied (doc. #53).

**I.   Factual Background**

The facts of this contractual dispute are highly disputed. For present purposes, it suffices to note that the Fuorolis allege to have contracted with defendants to purchase a timeshare condominium at Westgate's Planet Hollywood property, located on the Las Vegas Strip. *See* Mot. Summ. J., Ex. 1. The contract was entered into on August 30, 2009. The Fuorolis contend that one of the primary motivations for their purchase was to ensure a vacation destination during the New

---

[1] The court notes that Westgate's opposition is brought as a motion to strike, or in the alternative, as an opposition to the motion for partial summary judgment.

**James C. Mahan**
**U.S. District Judge**

Year. As explained by the Fuorolis

> The right for the Fuorolis to enjoy New Year's Eve in Las Vegas, with a view of the events taking place on the Strip, on the highest four bedroom floor available was at the very heart of the agreement the Fuorolis desired to enter into with Westgate.

Compl. ¶ 24; Mot. Summ. J. at 7:6-10.

The Fuorolis allege that they were denied the benefit of their bargain, arguing that "Time and again Tiffany Fuoroli called the reservation department to make a reservation for New Year's Eve and New Year's Day only to be told how their purchase did not include those holidays, or that the units weren't ready, or that it was too soon, or too late to make the desired reservation."

Based on an alleged "admission" by defendants that the defendants had breached the timeshare contract, the Fuorolis filed the instant motion for partial summary judgment, seeking judgment as a matter of law that Westgate breached the timeshare contract and violated the implied covenant of good faith and fair dealing. This court finds no such admission on the part of Westgate and holds that the Fuorolis have failed in shouldering their burden to establish the absence of a genuine issue of material fact. For the reasons that follow, this court denies summary judgment.

## II.     Discussion

### A.     Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court explained that material facts are those which may affect the outcome of the case, and a dispute is genuine where there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248.

Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning. *See United States v. King Features Entertainment, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1406 (9th Cir. 1985). Interpretation of the contract, including whether it is ambiguous, is a

**James C. Mahan**
**U.S. District Judge**

1  matter of law. *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366, 369 (9th Cir. 1982).
2  In Nevada, contractual construction is a question of law and "suitable for determination by summary
3  judgment." *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

4      Where a moving party's papers are insufficient to support a motion for summary judgment,
5  or reveal a genuine issue of material fact, summary judgment is inappropriate. *Martinez v. Stanford*,
6  323 F.3d 1178, 1182-83 (9th Cir. 2003).

7      *B.    Analysis*

8      The Fuorolis' main contention is that because Westgate amended the contract in 2011, it has
9  admitted to breaching it, and therefore summary judgment is appropriate. In effect, the Fuorolis
10 argue that the subsequent amendment to the contract is conclusive evidence of breach and therefore
11 there is no genuine issue of material fact. The Fuorolis provide no evidence of such breach; they
12 have supplied only bare argument. The lack of evidence is itself indicative of the impropriety of
13 granting summary judgment. The reasoning underlying their argument, however, is not convincing.

14     A genuine issue of material fact remains regarding whether the Fuorolis were entitled to use
15 of the timeshare during the New Year holiday prior to the amendment. The subsequent amendment
16 granting this right does not prove that the Fuorolis had such a right before the amendment or that
17 Westgate acted in bad faith by failing to reserve New Year's day or New Year's Eve for the Fuorolis'
18 vacation.

19     The Fuorolis have not submitted any evidence regarding the pre-amendment status quo
20 between the parties. Thus, this court cannot even determine whether the Fuorolis were entitled to
21 stay at the timeshare during the New Year holiday before the amendment because it has not been
22 presented with any evidence of such. Furthermore, the Fuorolis have failed to provide any evidence
23 regarding why Westgate decided to amend the contract. While the court recognizes that the
24 amendment may have been effectuated because Fuorolis were entitled to stay at the timeshare
25 pursuant to the bargain they struck, it could also be that Westgate agreed to amend the contract for
26 a whole host of other reasons. Such a disputed material fact precludes the entry of summary
27 judgment.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Fuorolis' motion for partial summary judgment (doc. #44) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Westgate's motion to strike the motion for partial summary judgment (doc. #50) be, and the same hereby is, DENIED as moot.

DATED April 23, 2012.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -