UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL C. FUOROLI and TIFFANY S. FUOROLI,

        Plaintiffs,

v.

WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al.,

        Defendants.

2:10-CV-2191 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Michael C. Fuoroli and Tiffany S. Fuoroli's motion for partial summary judgment. (Doc. #44). Defendants Westgate Planet Hollywood Las Vegas, LLC and Central Florida Investments, Inc. have filed an opposition (doc. #50),[1] to which the Fuorolis have replied (doc. #53).

**I.    Factual Background**

The facts of this contractual dispute are highly disputed. For present purposes, it suffices to note that the Fuorolis allege to have contracted with defendants to purchase a timeshare condominium at Westgate's Planet Hollywood property, located on the Las Vegas Strip. *See* Mot. Summ. J., Ex. 1. The contract was entered into on August 30, 2009. The Fuorolis contend that one of the primary motivations for their purchase was to ensure a vacation destination during the New

---

[1] The court notes that Westgate's opposition is brought as a motion to strike, or in the alternative, as an opposition to the motion for partial summary judgment.

**James C. Mahan**
**U.S. District Judge**

1  Year. As explained by the Fuorolis

2  > The right for the Fuorolis to enjoy New Year's Eve in Las Vegas, with a view of the events taking place on the Strip, on the highest four bedroom floor available was at
3  > the very heart of the agreement the Fuorolis desired to enter into with Westgate.

4  Compl. ¶ 24; Mot. Summ. J. at 7:6-10.

5  The Fuorolis allege that they were denied the benefit of their bargain, arguing that "Time and
6  again Tiffany Fuoroli called the reservation department to make a reservation for New Year's Eve
7  and New Year's Day only to be told how their purchase did not include those holidays, or that the
8  units weren't ready, or that it was too soon, or too late to make the desired reservation."

9  Based on an alleged "admission" by defendants that the defendants had breached the
10 timeshare contract, the Fuorolis filed the instant motion for partial summary judgment, seeking
11 judgment as a matter of law that Westgate breached the timeshare contract and violated the implied
12 covenant of good faith and fair dealing. This court finds no such admission on the part of Westgate
13 and holds that the Fuorolis have failed in shouldering their burden to establish the absence of a
14 genuine issue of material fact. For the reasons that follow, this court denies summary judgment.

15 **II.    Discussion**

16     *A.    Standard of Review*

17 Summary judgment is appropriate when "the pleadings, depositions, answers to
18 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
19 genuine issue as to any material fact and that the party is entitled to judgment as a matter of law."
20 Fed. R. Civ. P. 56(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court
21 explained that material facts are those which may affect the outcome of the case, and a dispute is
22 genuine where there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving
23 party. *Id.* at 248.

24 Summary judgment is appropriate when the contract terms are clear and unambiguous, even
25 if the parties disagree as to their meaning. *See United States v. King Features Entertainment, Inc.*,
26 843 F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d
27 1401, 1406 (9th Cir. 1985). Interpretation of the contract, including whether it is ambiguous, is a

28

**James C. Mahan**
**U.S. District Judge**

matter of law. *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366, 369 (9th Cir. 1982). In Nevada, contractual construction is a question of law and "suitable for determination by summary judgment." *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

Where a moving party's papers are insufficient to support a motion for summary judgment, or reveal a genuine issue of material fact, summary judgment is inappropriate. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

  *B.*  *Analysis*

The Fuorolis' main contention is that because Westgate amended the contract in 2011, it has admitted to breaching it, and therefore summary judgment is appropriate. In effect, the Fuorolis argue that the subsequent amendment to the contract is conclusive evidence of breach and therefore there is no genuine issue of material fact. The Fuorolis provide no evidence of such breach; they have supplied only bare argument. The lack of evidence is itself indicative of the impropriety of granting summary judgment. The reasoning underlying their argument, however, is not convincing.

A genuine issue of material fact remains regarding whether the Fuorolis were entitled to use of the timeshare during the New Year holiday prior to the amendment. The subsequent amendment granting this right does not prove that the Fuorolis had such a right before the amendment or that Westgate acted in bad faith by failing to reserve New Year's day or New Year's Eve for the Fuorolis' vacation.

The Fuorolis have not submitted any evidence regarding the pre-amendment status quo between the parties. Thus, this court cannot even determine whether the Fuorolis were entitled to stay at the timeshare during the New Year holiday before the amendment because it has not been presented with any evidence of such. Furthermore, the Fuorolis have failed to provide any evidence regarding why Westgate decided to amend the contract. While the court recognizes that the amendment may have been effectuated because Fuorolis were entitled to stay at the timeshare pursuant to the bargain they struck, it could also be that Westgate agreed to amend the contract for a whole host of other reasons. Such a disputed material fact precludes the entry of summary judgment.

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Fuorolis' motion for partial summary judgment (doc. #44) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Westgate's motion to strike the motion for partial summary judgment (doc. #50) be, and the same hereby is, DENIED as moot.

DATED April 23, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -