# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL C. FUOROLI and TIFFANY S. FUOROLI,

        Plaintiffs,

v.

WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al.,

        Defendants.

2:10-CV-2191 JCM (GWF)

**ORDER**

Presently before the court is plaintiffs', Michael C. Fuoroli and Tiffany S. Fuoroli, motion for partial summary judgment. (Doc. # 62). Defendants Westgate Planet Hollywood Las Vegas, LLC and Central Florida Investments, Inc. have filed an opposition (doc. # 66). Plaintiffs filed a reply. (Doc. # 68).

**I.  Background**

In denying a partial summary judgment motion this court held that "[t]he facts of this contractual dispute are highly disputed." (Doc. # 59). That is still true.

On August 30, 2009, plaintiffs entered into a contract with defendant Westgate for the purchase of a timeshare condominium at Planet Hollywood located on the Las Vegas strip. (Doc. #62, Ex. 1). The plaintiffs contend that one of the primary motivations for their purchase was to ensure a vacation destination during the New Year. As explained by the plaintiffs:

. . .

**James C. Mahan**
**U.S. District Judge**

"The right for the Fuorolis to enjoy New Year's Eve in Las Vegas, with a view of the events taking place on the Strip, on the highest four bedroom floor available was at the very heart of the agreement the Fuorolis desired to enter into with Westgate."

(Doc. # 1, Compl. at ¶ 24; doc. # 62, Mot. Summ. J. at 3-5).

Plaintiffs assert that defendants have continually failed to live up to the bargained for exchange by refusing to allow plaintiffs to reserve their timeshare on the New Year's Eve holiday. (Doc. #62, Mot. Summ. J., at 3-5). Due to certain alleged actions by defendant Westgate, plaintiffs have moved for partial summary judgment on breach of the contract, violation of the implied covenant of good faith and fair dealing, and rescission of the contract. (*Id.*).[1]

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

---

[1] These partial summary judgment claims can be brought only against defendant Westgate. In a prior order by the court, (doc. # 28), this court granted a motion to dismiss in favor of defendants Central Florida Investments, Chasun Irwin and Denise Chen as to the causes of action for breach of contract and breach of the covenant of good faith and fair dealing. Therefore, rescission can only be a remedy against defendant Westgate since the other defendants are not a party to the contract.

element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

In this court's previous order granting in part and denying in part the motion to dismiss (doc. # 28), the court considered the claims under both Nevada and Florida law. (Doc. # 28). In the purchase agreement, there is allegedly a choice of law agreement to apply Florida law. However,

**James C. Mahan**
**U.S. District Judge**

- 3 -

the copy of the purchase agreement the parties filed with the court is illegible. (*See* doc. # 11, Ex. A; doc. # 62, Ex. 1; doc. # 66, Ex. D). In the moving papers, the parties, especially plaintiffs, largely ignore the choice of law issues. Accordingly, the court will analyze the claims under both Florida and Nevada law for the reasons it originally articulated in its order on the motion to dismiss. (Doc. # 28).

Additionally, the court notes that this is a partial summary judgment, and response in opposition, regarding a contractual dispute. In the argument sections of the brief, neither party even makes an argument to the court regarding the language of the contract. Worse still, the exhibits attaching the disputed contract are illegible. This is in addition to the rest of the exhibits not being properly authenticated under *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).[2] The court addresses the arguments of the parties as presented.

   A.   *Breach of Contract*

In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nevada System of Higher Educ.*, 837 F.Supp.2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.").

Under Florida law, "the elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Schiffman v. Schiffman*, 47 So.3d 925, 926 (Fla. 3d DCA 2010) (quoting *Abbott Labs, Inc., v. Gen. Elec. Capital*, 765 So.2d 737, 740 (Fla. 5th DCA 2002)). The breach of contract analysis under either Nevada and Florida law is essentially identical.

The Fuorolis argue that they contracted for a very specific piece of real estate: a four bedroom unit, facing the strip, which they could use every New Year's Eve. (Doc. # 62, at 3). To support their claim that each contract provision was agreed upon, the Fuorolis rely solely on the deposition

---

[2] The partial summary judgment motion does not fail solely for failure to authenticate under *Orr*. The motion fails outright on its merits.

James C. Mahan
U.S. District Judge

- 4 -

testimony of Denise Chen. (*Id.*, Ex. 3). Ms. Chen was a sales agent at the time of contract formation. (*See id.*). The Fuorolis argue that Ms. Chen gave uncontroverted deposition testimony that defendant Westgate approved each of the plaintiffs' unique conditions. (*Id.* at 3).

Defendant Westgate argues that Ms. Chen was not an authorized agent to contract on behalf of Westgate. Ms. Chen admitted as much in her deposition. (Doc. # 66, Ex. E at 50-57). Additionally, Ms. Chen was not present during the closing and signing of the contract. (*Id.*). Finally, Ms. Chen's supervisor, Victor Curry, appears to have approved the contract and there is no deposition testimony or any evidence regarding his actions or statements at the closing. Defendant Westgate also points out that Tiffany Fuoroli admitted in her deposition that the strip facing aspect was subject to availability. (Doc. # 66, Ex. A at 126-127 & Ex. B).

The court agrees with defendant Westgate that plaintiffs have failed to show a breach of contract. There are many disputed, material facts–an essential one being if the contract guaranteed a strip facing condo. Additionally, there is no evidence that Ms. Chen was an authorized agent of Westgate. *Cf. Mueller v. Payroll Solutions, Inc.*, 2012 WL 1911871, at *1 (Nev. 2012) ("Under agency law, an agent must have actual authority, express or implied, or apparent authority to bind the principal."). The plaintiffs have not met their burden of establishing that defendant Westgate breached the contract as a matter of law.[3]

   B.   *Good Faith and Fair Dealing*

In Florida, "every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). "[A] claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." *Id.* Simply, there can be no breach of the covenant of good faith and fair dealing under Florida law because the court already found there was no breach of contract.

Likewise, "[i]t is well established within Nevada that every contract imposes upon the

---

[3] Plaintiffs' arguments that the amendment proves a breach of contract are unavailing.

James C. Mahan
U.S. District Judge

- 5 -

contracting parties the duty of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993). To prevail on a claim of breach of the covenant of good faith and fair dealing, the plaintiff must demonstrate that: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Plaintiffs argue there was a breach of the covenant of good faith and fair dealing because they put defendant Westgate on notice repeatedly about the alleged breaches of the contract, and made multiple calls to multiple people at Westgate to correct the situation. (Doc. # 62, at 11). There is no cited evidence to support these claims.

Defendant Westgate does not even respond to the plaintiffs' arguments for a breach of good faith and fair dealing. In any event, their arguments on the breach of contract claim cover the breach of good faith and fair dealing claim. Defendant Westgate agrees that plaintiffs are entitled to a four bedroom condo on New Year's Eve. The amendment by defendant even corrected a scheduling/computer quirk that eventually could have led to scheduling issues on New Year's Eve before Planet Hollywood was even open for its first New Year's Eve. The material facts are disputed, and the undisputed facts cannot show that defendant breached the duty of good faith and fair dealing by performing in a manner unfaithful to the purpose of the contract. Plaintiffs have not shown as a matter of law that defendant Westgate breached the covenant of good faith and fair dealing.

    C.    *Rescission*

Rescission is a remedy and not an independent claim for relief. *See Awada v. Shuffle Master Inc.*, 173 P.3d 707, 713 (Nev. 2007) ("Rescission is an equitable remedy . . ."); *Antar v. Seamiles, LLC*, 994 So.2d 439, 444 (Fla. 3d DCA 2008) (recognizing rescission is a remedy); *Hustad v. Edwin K. Williams & Co. East*, 321 So. 2d 601, 603 (Fla. 4th DCA 1975) (recognizing that damages for breach of contract and rescission are mutually exclusive remedies, such that "[i]f the contract is rescinded, it is though it had never existed, but if the remedy sought is damages for its breach the

James C. Mahan
U.S. District Judge

- 6 -

injured party necessarily thereby recognizes and affirms the initial validity and enforceability of the contract.").

The court cannot hold that as a matter of law there has been a breach of the contract. Therefore the remedy of rescission is not warranted. Plaintiffs have not demonstrated they are entitled to a rescission of the contract.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for partial summary judgment (doc. # 62) be, and the same hereby, is DENIED.

DATED February 1, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 7 -