UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL C. FUOROLI and TIFFANY S. FUOROLI,

Plaintiffs,

v.

WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al.,

Defendants.

2:10-CV-2191 JCM (GWF)

**ORDER**

Presently before the court is defendants' Westgate Planet Hollywood Las Vegas, LLC and Central Florida Investment, Inc.'s renewed motion to strike demand for jury trial. (Doc. #70). The plaintiffs, Michael C. Fuoroli and Tiffany S. Fuoroli, filed a response (doc. # 79), and defendants replied (doc. #81).

**I.     Background**

The instant dispute arises from a contract between the plaintiffs and defendant Westgate Planet Hollywood Las Vegas, LLC, which developed a timeshare offering at the Planet Hollywood Towers.

Plaintiffs allege that Westgate made the following misrepresentations in the timeshare sales negotiations: the property would be a pet friendly environment (doc. #1 at ¶ 21), when in fact it is not (*id.* at ¶ 22); daily maid service would be included (*id.* at ¶ 19), when the purchase included only weekly cleaning (*id.* at ¶ 20); the timeshare would book a fixed unit during New Year's Eve each

**James C. Mahan**
**U.S. District Judge**

1  year (*id.* at ¶ 23), when in reality the plaintiffs were purchasing neither a fixed unit nor the right to
2  reserve any unit on New Year's Eve (*id.* at ¶ 25). Plaintiffs also contend that Westgate made false
3  and misleading statements with regard to all of the following: the cancellation period for timeshares
4  under Nevada law (*id.* at ¶ 35); the financing package used to purchase the timeshare (*id.* at ¶¶
5  36–44); and, the completion date of the hotel (*id.* at ¶ 47).

6  From these facts, plaintiffs have alleged seven claims for relief. Ultimately, plaintiffs contend
7  that "the contract drafted and presented by Defendants was materially different than the terms upon
8  which Plaintiffs and Defendants had agreed during the sales presentation, [and] there was no meeting
9  of the minds as to the terms of the purchase contract signed by Plaintiff[s] and  and, therefore, no
10 contract was formed. . . ." (*Id.* at ¶ 26).

11 On February 4, 2011, Westgate filed a motion to strike the demand for a jury trial based on
12 a jury waiver provision in the agreement signed between the parties. (Doc #12).  On May 15, 2011,
13 this court denied Westgate's motion "absent further briefing and discovery on this issue from the
14 parties." (Doc. #70). On March 4, 2013, Westgate filed the instant renewed motion to strike demand
15 for jury trial. (Doc. #70).

16 **II.    Legal Standard**

17 "The right to a jury trial in federal court is governed by federal law." *Phoenix Leasing Inc.*
18 *v. Sure Broad., Inc.*, 843 F.Supp. 1379, 1384 (D. Nev. 1994) (citing *Simler v. Conner*, 372 U.S. 221,
19 221-22 (1963)); *Allyn v. W. United Life Assurance Co.*, 347 F.Supp.2d 1246, 1251 (M.D. Fla. 2004)
20 ("It is well settled that the right to a jury trial in federal courts is to be determined by federal law in
21 diversity actions."). "Although the right to jury trial in civil cases tried before federal courts is a
22 constitutionally protected right, it may be waived by a contract knowingly and voluntarily executed."
23 *Id.*

24 The federal standard for determining the validity of a contractual waiver of the right to a jury
25 trial court requires the court to determine if "the waiver was knowing, voluntary and intelligent."
26 *Phoenix*, 843 F.Supp. at 1384 (noting a circuit splint regarding which party bears the burden of
27 seeking to enforce the waiver and/or striking the jury demand).  "Some factors used to determine
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

whether a waiver was knowing and intelligent include:

> (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and, (4) whether the clause containing the waiver was inconspicuous."

*Id.*[1]

### III. Discussion

The court analyzes whether the waiver was entered into knowingly, voluntarily, and intelligently based on the four factors identified in *Phoenix*.[2]

First, the court considers the relative bargaining power of the parties and whether there may have been a "gross disparity". Defendants are corporations highly experienced in negotiating timeshares and the contractual provisions of timeshares. Plaintiffs are well educated, a doctor and a middle school history teacher respectively. There is no gross disparity in bargaining power, which would favor defendants. However, it is also worth noting that plaintiffs were not represented by counsel when negotiating or signing the lease. The lack of counsel neutralizes this factor.

Second, the court considers the business or professional experience of the party opposing the waiver. Plaintiffs are educated; however, defendants have provided no authenticated evidence

---

[1] The court must apply the federal factors in this case to determine whether to apply a jury waiver in a contract governed by state law. The underlying contract in this case could be governed by either Florida or Nevada law. Ultimately, it does not matter if the federal, Nevada, or Florida factors are used to determine whether the jury waiver applies because the outcome would always be the same. The factors are almost identical. *See, e.g., Phoenix*, F.Supp. at 1384 (listing federal factors); *Lowe Enters. Residential Partners, L.P. v. Eight Judicial District Court ex rel. County of Clark*, 118 Nev. 92, 101, 40 P.3d 405, 410-11 (Nev. 2002) (citing the following four factors: parties' negotiations, conspicuousness of the provision, bargaining power, and whether waiving party's counsel had an opportunity to review); *Leslie v. Carnival Corp.*, 22 So.3d 567, 581 (Fla. 3d DCA 2009) (citing the following five factors: conspicuousness of the provision, level of sophistication and experience of the parties entering the contract, opportunity to negotiate terms, relative bargaining power of each party, and whether waiving party's counsel was present).

[2] Plaintiffs' counsel does not even make arguments pursuant to the *Phoenix* factors. Rather, plaintiffs attempt to rely on Federal Rules of Civil Procedure 59 and 60 and argue that there are no grounds for the court to reconsider its prior order. However, in the prior order addressing the potential waiver of the jury trial, (doc. # 28), this court expressly permitted further briefing and discovery on the issue. The court must resolve the instant motion on the merits, not by relying on its prior order.

**James C. Mahan**
**U.S. District Judge**

1   regarding plaintiffs' business or professional experience.³ Plaintiffs have made no argument
2   regarding their business or professional experience. The courts finds this factor to be neutral.

3   Third, the court considers whether the opposing party had an opportunity to negotiate the
4   terms. The crux of this lawsuit concerns a variety of issues that were negotiated, including all of the
5   following: whether the property faced the Las Vegas strip; whether the property would be available
6   every New Year's Eve; whether the property included daily made service; and, whether the property
7   would be pet friendly.  Neither party has presented evidence that the parties negotiated the provision
8   waiving a jury trial.  This factor is neutral.

9   Fourth, the court considers the conspicuousness of the provision. The provision is located
10  on the second page of the "Contract for Purchase and Sale." (Doc. #70-1).  The waiver of jury trial
11  provision is located in paragraph 23©) on the second page of the contract, listed under the header
12  "Choice of law: Jurisdiction; Venue; and Waiver of Jury Trial." (Doc. #70-1).  This court has twice
13  denied summary judgment, in part, because defendants provided an illegible copy of the contract in
14  support of their motions.  Defendants have provided an enlarged copy of the contract with this
15  motion.  Despite the enlargement, not every word is legible. Nor is there any indication on the
16  document that the parties have explicitly reviewed this page together. Moreover, there is no
17  indication that the second page is part of this particular contract agreed to by these particular parties.
18  The second page of the contract, that lists specific details, does not contain the names of the plaintiffs
19  anywhere. Nor does the second page of the contract provide any affirmative acknowledgment of any
20  of the terms of the contract, such as the waiver of a jury trial, such as by plaintiffs' signature, initials,
21  or by any other means. This factor favors the plaintiffs.

22  Accordingly,
23  . . .
24  . . .
25  . . .
26

---

27  ³ As has been a consistent problem in motions filed in this litigation, the deposition extracts do not comply with
28  *Orr. v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

**James C. Mahan**
**U.S. District Judge**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' renewed motion to strike demand for jury trial (doc. #70) be, and the same hereby, is DENIED

DATED May 28, 2013.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE