**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL C. FUOROLI and  )
TIFFANY S. FUOROLI, Husband and Wife,  )
                                )
        Plaintiffs,                )     Case No. 2:10-cv-02191-JCM-GWF
                                )
vs.                                 )     **ORDER**
                                )
WESTGATE PLANET HOLLYWOOD LAS  )
VEGAS, LLC., *et al.*,  )
                                )
        Defendants.       )
_____)

       This matter comes before the Court on Defendants' Motion to Supplement and Modify the Scheduling Order (#111), filed on January 8, 2014. Plaintiffs filed an Opposition (#118) on January 17, 2014. Defendants filed a Reply (#122) on January 24, 2014. This matter also comes before the Court on Defendants' Motion to Amend Answer (#112), filed on January 8, 2014. Plaintiffs filed an Opposition (#120) on January 21, 2014. Defendants filed a Reply (#123) on January 27, 2014.

**DISCUSSION**

**I.    Motion to Modify Pretrial Order (#111)**

       The Court has previously set forth the factual bases for this litigation, *see May 28, 2013 Order, Doc. #87* at 1:21-2:10, and hereby incorporates them in this Order. At issue now is whether Defendants should be permitted to conduct additional discovery and notice an additional witness as regards Plaintiffs' alleged stay at an Elara Hilton ("Hilton") timeshare (formerly owned by Defendants) during the period of New Year's Eve and New Year's Day, 2013/2014 ("subject time period").

...

1     Defendants first seek leave to modify the March 12, 2013 Pretrial Order (#76) to include a
2 non-party witness in the form of a records custodian of the Hilton to testify regarding Plaintiffs'
3 alleged stay at same over New Year's Eve 2013.  In evaluating whether to amend the pretrial order,
4 the Court considers (1) the degree of prejudice or surprise to the Plaintiffs if the order is modified;
5 (2) the ability of the Plaintiffs to cure any prejudice; (3) the impact of the modification on the
6 orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part
7 of Defendants. *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).  Once
8 a pretrial order has been entered setting forth the parties and issues for trial, modifications are only
9 allowed to prevent "manifest injustice."  *Id.  See also* Fed. R. Civ. P. 16(e).

10     Here, the Court finds that the factors weigh in favor of permitting Defendants to modify the
11 Pretrial Order to include a Hilton records custodian as a witness.  Adding the new witness would
12 minimally prejudice Plaintiffs, especially considering Plaintiffs' willingness to stipulate that they
13 stayed at the Hilton timeshare over the subject time period.  Although permitting the additional
14 discovery associated with adding this witness, discussed below, may momentarily delay the current
15 trial date of February 10, 2014, such delay should be minimal given the limited scope of discovery
16 sought.  Finally, the alleged facts giving rise to the need for the new witness occurred only a month
17 ago, and Defendants diligently filed the instant Motion shortly thereafter.  Therefore, Defendants
18 shall be permitted to modify the Pretrial Order to include a Hilton records custodian as a new non-
19 party witness and associated documentary evidence.

20     Defendants also seek leave to subpoena records from the same proposed new witness,
21 which the Court construes as a motion to modify the Scheduling Order (#61).  "[A] district [court]
22 has wide latitude in controlling discovery, and its ruling will not be overturned in the absence of a
23 clear abuse of discretion." *Foster v. Arcata Associates*, 772 F.2d 1453, 1467 (9th Cir. 1985).
24 Federal Rule of Civil Procedure 6(b) and Local Rule 6–1(b) allow for reopening of discovery after
25 the cutoff date so long as the moving party demonstrates the failure to act was because of excusable
26 neglect. *Incorp Services, Inc. v. Nevada Corp. Services, Inc.*, 2012 WL 3066473 at *4 (D. Nev.
27 July 27, 2012).  This good cause standard primarily considers the diligence of the party or parties
28 seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In evaluating excusable neglect, the court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

For the reasons discussed above, insofar as the facts at issue in the instant Motions occurred well after the discovery cutoff date, the Court finds that Defendants have shown good cause under Rule 16 to reopen discovery. Defendants diligently so moved after learning of Plaintiffs' alleged stay at the Hilton on New Year's Eve 2013. Defendants are entitled to discovery "that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Court is persuaded that Plaintiffs' stay at the Hilton timeshare, which is currently owned by a non-party, is reasonably calculated to lead to the discovery of admissible evidence as regards the affirmative defenses discussed below. However, Plaintiffs evinced a willingness to stipulate, at least in part, to the facts relating to their stay at the Hilton. *See Opposition, Doc. #118* at 2:26-27. If Plaintiffs are willing to stipulate that they stayed in the timeshare during the subject time period pursuant to their contractual ownership interest in the timeshare, additional discovery would be unnecessary. Therefore, in the event that Plaintiffs are not willing to stipulate as such, the Court will permit Defendants to subpoena records from the new non-party witness relating to whether Plaintiffs made reservations and stayed at the timeshare at issue in this litigation during the subject time period.

## II. Motion to Amend Answer

Defendants also seek leave to amend their Answer (#31) to assert affirmative defenses of ratification and failure to mitigate. Motions to amend pleadings were due Friday, September 2, 2011. *See May 4, 2012 Scheduling Order, Doc. #61*. Leave to amend lies within the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). Where a motion for leave to amend is filed after the amendment deadline of a Rule 16 scheduling order, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15[.]" *AmerisourceBergen Corp. v. Dialysist West, Inc.*,


Case 2:10-cv-02191-JCM-GWF   Document 137   Filed 02/07/14   Page 4 of 5

1  465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the more stringent 'good
2  cause' showing required under Rule 16." *Id*. "Late amendments" are not reviewed favorably
3  "when the facts and the theories have been known to the party seeking amendment since the
4  inception of the cause of action." *Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.),
5  *cert. denied*, 479 U.S. 816 (1986). *See also M/V American Queen v. San Diego Marine Const.*
6  *Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (trial court did not err in denying delayed motion to
7  amend where "[n]o facts, newly discovered in that period, were alleged.").

8       Here, as above, Defendants show good cause to amend their Answer under Rule 16 because
9  the facts giving rise to the need for amendment occurred only a month ago.  In deciding whether to
10 permit a party to amend an answer, courts consider "(1) undue delay; (2) bad faith; (3) futility of
11 amendment; and (4) prejudice to the opposing party." *Int'l Ass'n of Machinists & Aerospace*
12 *Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). Defendants filed this Motion
13 (#112) shortly after discovering Plaintiffs' alleged stay at the timeshare, and the Court finds
14 Defendants are not acting in a dilatory manner or in bad faith.  The Court found above that the
15 discovery sought in the previous Motion (#111) is reasonably calculated to lead to the discovery of
16 admissible evidence as regards the affirmative defenses of ratification and failure to mitigate;
17 therefore, amendment would not be futile.  Finally, the Court finds Plaintiffs would not be
18 significantly prejudiced by the amendment.  The Court will permit Defendants to amend their
19 Answer.  Accordingly,

20      **IT IS HEREBY ORDERED** that Defendants' Motion to Modify Pretrial Order (#111) is
21 **granted** as follows:

22      (1)    In the event Plaintiffs do not stipulate that they stayed at their timeshare during the
23           subject time period pursuant to their contractual ownership interest by Monday,
24           February 10, 2014, Defendants shall be permitted to amend the Pretrial Order to
25           include a Hilton records custodian as a new non-party witness no later than
26           Wednesday, February 12, 2014;

27 ...
28 ...

(2) In the event Plaintiffs do not stipulate as stated above, discovery in this matter shall be reopened through Thursday, February 20, 2014 for the limited purpose of subpoenaing records from the above-mentioned non-party witness related to Plaintiffs' alleged reservation for and stay at the timeshare at issue in this case.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend Answer (#112) is **granted**. Defendants shall file the Proposed Amended Answer (Doc. #112, Exh. A) within three days of the date of this Order.

DATED this 7th day of February, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge