UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL C. FUOROLI and TIFFANY S. FUOROLI,

Plaintiffs,

v.

WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al.,

Defendants.

2:10-CV-2191 JCM (GWF)

**ORDER**

The oral motion of the defendants for judgment pursuant to FRCP 50(a) is granted.

Of course, damages are an element of every one of plaintiffs' claims for relief. However, the plaintiffs failed to produce any evidence of damages to support any of their claims.

Furthermore, they elected to secure a reservation and to occupy the reserved unit for week 52 (New Year's holiday, December 2013-January 2014), thereby accepting (at least in part) the benefit of the contract with the defendants. By their actions, the plaintiffs have eliminated rescission as a remedy.

Under Florida law, the party seeking rescission must notify the other party that it is rescinding the contract and restore any benefits received from the contract. *See Belaire at Boca, LLC, et. al, v. Associations Ins. Agency*, 2007 WL 1812218 (S.D. Fla., June 22, 2007). Here, the plaintiffs failed to produce evidence that they had rescinded the contract and in fact received benefit under the contract immediately before trial.

*See also, generally*, 17A Am. Jur. 2d Contracts § 534 ("[T]he right to rescind for fraud or misrepresentation may be waived. For example, where, after discovery of fraud entitling a party to rescind a contract for the exchange of property, he or she continues to use and treat or deal with the property as his or her own, or does other acts inconsistent with the right to rescind, he or she will be held to have elected to ratify the contract and to have waived his or her right to rescind. . .").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered in favor of the defendants on the claims of the plaintiff.

DATED April 2, 2014.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**